NOTE. Jurisdictional Facts—How Set Forth. —Jurisdiction depending on character of parties must be positively averred on the record. See Berlin v. Jones [Case No. 1,343], citing case in text. Jurisdictional facts may be permitted to be shown by amendment. Woolridge v. McKenna, 8 Fed. 679, citing case in text.

Chastisement for Disobedience—Right of Master of Vessel to Administer.—See Fuller v. Colby [Case No. 5,149]; Buddington v. Smith, 13 Conn. 336; citing approvingly the case in text.

---

MICHELS v. JAMES. See Case No. 15,464.

---

## Case No. 9,524.

### MICHENER v. PAYSON.

[13 N. B. R. 49; 5 Ins. Law J. 116; 1 N. Y. Wkly. Dig. 272; 2 Wkly. Notes Cas. 339; 8 Chi. Leg. News, 17; 32 Leg. Int. 362; 23 Pittsb. Leg. J. 38; 1 Law & Eq. Rep. 338; 2 N. Y. Wkly. Dig. 193; [1] 7 Leg. Gaz. 332.]

Circuit Court, E. D. Pennsylvania. Oct. 4, 1875.

BANKRUPTCY—ACTION BY ASSIGNEE — PRACTICE— RECORDS—CORPORATIONS—UNPAID SUBSCRIPTION—COLLATERAL ACTION.

1. A copy of the record containing the assignment is admissible in evidence to prove the assignment, although it does not purport to be a copy of the whole record.

2. The proceedings in bankruptcy are not deemed to constitute an integral record, but a copy of each proceeding may be authenticated as a separate record, and is competent presumptive evidence of the facts therein stated.
[Cited in Turnbull v. Payson, 95 U. S. 424.]

3. In an action by an assignee to collect an assessment on the unpaid subscription of a stockholder, evidence of misrepresentations made at the time of the subscription to the stockholder by an agent of the corporation is not admissible.

4. An assessment upon the unpaid subscriptions of the stockholders made by the district court having jurisdiction over a bankrupt corporation, is conclusive, and cannot be impeached in a collateral action.

[In error to the district court of the United States for the Eastern district of Pennsylvania.]

Geo. Junkin, for plaintiff.
J. Cooke Longstreth, for defendant.

[2] [Assumpsit by Payson, assignee in bankruptcy of the Republic Insurance Co. of Chicago, against Michener, a resident of Philadelphia. The following cause of action

[1] [Reprinted from 13 N. B. R. 49, by permission. 1 Law & Eq. Rep. 338, and 2 N. Y. Wkly. Dig. 193, contain only partial reports.]
[2] [From 2 Wkly. Notes Cas. 339.]

was set forth in the declaration: The Republic Insurance Co. issued shares of stock at the par value of $100, upon certain terms, viz.: The real and personal property of each stockholder was to be held liable for losses of the company in the amount of stock held by him, and not actually paid in; twenty per cent. of the par value was to be paid in upon delivery of the certificates, and the remaining eighty per cent. was to be assessed only in the event of the twenty per cent. cash fund of the company becoming exhausted by losses. In 1871, the defendant became the owner of twenty shares of stock, having agreed to the above terms, and having paid $400, or twenty per cent. of the par value of the same, to the company upon receipt of the certificates. Later in the same year the company met with severe losses by reason of the Chicago fire, whereby the whole of the twenty per cent. cash fund, and all other funds possessed by them were exhausted, and in 1872 the company was adjudicated bankrupt, and Payson was duly appointed assignee. In 1873, the bankruptcy court in Chicago decreed that a call and assessment should be made upon the stockholders of sixty per cent. upon each share of unpaid stock, and if default in payment should be made after March 1st, 1873, after proper notice and publication, the assignee should be empowered to bring suit for its recovery. The defendant had refused to pay the sixty per cent. assessment, and the amount claimed was $1,200, with interest. Plea non-assumpsit.

[Upon the trial, after proof of the conditions above mentioned, and of the defendant's ownership of the stock, the plaintiff offered in evidence an exemplification of the record of the bankruptcy court of Chicago to prove (1) the assignment to the assignees in bankruptcy, and (2) that an assessment had been decreed by the court, and authority given to the assignee to collect it. Admitted under objection by the defendant (1) that the papers were not properly bound together; (2) because it was not a copy of the whole record; and (3) it did not appear by them that the defendant had notice of the proceedings referred to therein.

[The defendant offered to prove by his own testimony that he was induced to purchase the stock by the representations of the agent of the company in Philadelphia, to the effect that all Philadelphia subscriptions were to be the capital stock of a Philadelphia branch of the company, to be securely held and invested in Philadelphia under the management of a local board of directors, elected by the Philadelphia stockholders; that this arrangement was in fact, carried out for about twenty months when the company abolished the local branch at Philadelphia and the local board of management without the consent of the Philadelphia stockholders. Objected to; objection sustained. The defendant then offered to prove, by the testi-

mony of the assignee. Payson, (1) that the company before bankruptcy had abolished a similar branch office in New York, and had bought back from the local stockholders there the stock they had subscribed for, and had released them from all liability for any further assessment on the stock; (2) that after the Chicago fire the insured received a payment of twenty-five per cent. of their losses; and in consideration of immediate payment released the company from further liability, which releases the company afterwards surrendered without consideration, and allowed them to prove their claims in full, on account of which the assessment became necessary; and (3) that losses to a large amount were adjusted by the company, and policy holders and stockholders were permitted by the company to pay their assessment by certificates of indebtedness issued for adjusted losses after insolvency. Objections to these offers were sustained. The defendant then testified that he paid $500 when he received his certificate of stock, $400 on the stock and $100 premium.

[THE COURT charged the jury, that the plaintiff was entitled to recover the amount claimed by him, unless the defendant was entitled to a credit of $100.

[Verdict for plaintiff for $1,232.

[Defendant assigned as error: The admission in evidence of the exemplification of the bankruptcy record, the rejection of his offers, and the charge of the court as given above.] [2]

McKENNAN, Circuit Judge. The first assignment of error relates to the admission in evidence of a record of proceedings in bankruptcy in the district court for the Northern district of Illinois, against the Republic Insurance Company of Chicago, as assignee of which the defendant in error brought this suit. It was objected to on the ground that it does not purport to be a copy of the whole record, but it was admitted to show, 1st, an assignment to the plaintiff below, and 2d, an assessment by the authority of the bankrupt court upon the stock of the bankrupt company to pay losses. There can be no doubt of the admissibility of this record to show the assignment, because the 14th section of the bankrupt act [of 1867 (14 Stat. 522)] expressly provides, that a copy thereof, duly certified by the clerk of the court, under the seal thereof, shall be conclusive evidence of the assignee's title to sue for the bankrupt's property. But was it properly admitted for the additional purpose for which it was offered? The bankrupt act, while it enacts that the proceedings in all cases in bankruptcy shall be deemed matter of record does not treat these proceedings as constituting an integral record, for it declares that they shall not be recorded at large, but shall be filed, kept, and numbered, in the office of the clerk of the

[2] [From 2 Wkly. Notes Cas. 339.]

court, and copies of such record, duly certified by that office, under the seal of the court, are made presumptive evidence of all the facts therein stated. It would therefore, seem to be the intent of the act, that in so far as any of these proceedings might be used as evidence, copies of them are to be authenticated as separate records, and so are competent presumptive evidence of the facts stated in them. The certificate of the clerk of the court authenticates the copies of the papers and proceedings contained in the record "as true copies of all the papers filed, proceedings had, and record and docket entries made in said case, and of the whole thereof, in any way relating to an assessment upon the stockholders of said company," etc. It is an exemplification of all "matters of record" touching the assessment, and, as such, was properly admitted to show that fact.

The second assignment is founded upon the rejection of the offer to prove, by the plaintiff in error, certain representations made by the agent of the insurance company to him, when he made his subscription of stock, touching the establishment of a branch in Philadelphia, of which the subscriptions made there were to be the capital which was to be under the control of a local board of directors, and was to be set apart for losses in Philadelphia risks, accompanied by further proof that this local office had been withdrawn, and the assurances given had not been fulfilled. While it did not appear that any loss or injury whatever could result to the plaintiff in error from the partial non-fulfillment of these representations, it is at least questionable whether such evidence could have the effect of relieving the plaintiff in error from the payment of any part of his subscription. But in this suit it is altogether unavailable to him. Like a creditor's bill in equity, this suit is a proceeding by the constituted representative of a bankrupt corporation to collect its assets, that they may be applied to the payment of its debts. The plaintiff in error is a subscriber to its stock, of which subscription he has paid only twenty per cent. The remaining eighty per cent. is part of the assets of the corporation, indispensably required for the payment of its debts, and its creditors may lawfully insist that it shall be so appropriated. Now, it is plain that the plaintiff in error cannot gainsay this right of the creditors, unless he can show such an equity as would entitle him to a preference over them, if he had paid up his stock subscription in full. But he took and held a certificate for the full amount of the stock subscribed for by him, and received dividends upon it, and upon the basis of his subscription and that of others, the company was enabled to create its indebtedness. Surely, as against those who became creditors of the corporation upon the faith and security of its stock subscriptions,

his equity is subordinate and unavailing, and was rightly so treated by the court below.

The only remaining question which requires notice, relates to the legal sufficiency of the assessment upon the stockholders, which this suit was brought to recover. By virtue of the adjudication of bankruptcy and the appointment of an assignee, not only was the control of the bankrupt corporation over its assets, of every kind, superseded, but complete domain over them was conferred upon the assignee. He alone can sue for and recover them, and whatever rights the bankrupt had in reference to their collection, he can claim and enforce. He is also the representative of the creditors, for they can make the assets of their debtor available only through his agency. As Mr. Justice Dillon has well said: "However it might have been before, creditors cannot, since the supervention of bankruptcy, bring bills in equity or other actions in their own names directly against the stockholders, to enforce their liability with respect to their unpaid stock." It was one of the unquestionable faculties of the bankrupt corporation to assess ratably upon its unpaid stock a sum sufficient to pay its debts, and the exercise of this power the creditors might have compelled. But by the proceedings in bankruptcy, the power of the directors and the direct remedies of the creditors, in reference to the assets of the corporation, were superseded, and the assignee was constituted the representative of both these interests. In the exercise of all his functions in this twofold character, he is subject to the control and direction of the court in which the bankruptcy proceedings were instituted. It has exclusive jurisdiction of the administration of the bankrupt's assets, and of their distribution among creditors. Any adjudication which it may make in the exercise of this jurisdiction is unquestionable in a collateral proceeding in another forum. The assessment in question was directed and sanctioned by the court, which has authority so to adjudge, and for any excess in it redress must be sought in that tribunal. The record then shows a valid assessment upon the stockholders of the bankrupt, and the instruction given to the jury, in reference to it and to the right of the plaintiff below to recover, was correct.

The judgment is therefore affirmed.